IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DAVID JUAN ANDERSON, | : |
| Plaintiff | : |
| VS. | :    1 : 06-CV-28 (WLS) |
| DR. LAVENDRA SHOOTES and CATHERINE CROSS, Deputy Warden, | : |
| Defendants. | : |

**RECOMMENDATION**

Presently pending in this § 1983 action are the defendants' motions for summary judgment, converted by the court from motions to dismiss on January 10, 2007. The undersigned notified the plaintiff of the filing and conversion of the defendants' motions, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

The plaintiff filed this action in February 2006, alleging that he had not received adequate dental care while confined at Calhoun State Prison. He further alleged that defendant Cross had failed to respond to his informal grievances regarding his dental care requests. In the presently pending motions for summary judgment, the defendants maintain that the plaintiff failed to properly exhaust this claim pursuant to the dictates of the Prison Litigation Reform Act

("PLRA").[1]

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). In presenting their motions for summary judgment, the defendants rely on the affidavit of Sarah Draper, the Manager of the Office of Investigations and Compliance for the Georgia Department of Corrections, as well as copies of the informal grievances filed by the plaintiff relevant to his claims herein. The testimony of Draper establishes that the plaintiff filed two (2) informal grievances related to the alleged lack of dental care and treatment, but that he did not request for file a formal grievance regarding these claims.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on

---

[1] Based on the attachment of matters outside the pleadings, the undersigned converted both motions to dismiss to motions for summary judgment. *See* Order at # 28.

conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In response to the defendants' contention that the plaintiff never filed a formal grievance regarding his claims, the plaintiff objects to the motions to dismiss being construed as motions for summary judgment, and argues that he is entitled to the granting of summary judgment. The plaintiff, however, has failed to rebut the overall showing that he failed to fully exhaust his claims. He does not maintain or establish that he ever filed a formal grievance and/or pursued all avenues of available relief in order to exhaust his remedies under the PLRA and without documentation to support same, the court cannot conclude that the grievance process was fully pursued herein. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998) (prisoners filing § 1983 cases involving prison conditions must attach available administrative decisions to evidence exhaustion.).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff has not established that he fully pursued the grievance process. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Inasmuch as the plaintiff has failed to rebut

the defendants' summary judgment showing the court must conclude that the claims underlying this action remain unexhausted, therefore barring a § 1983 action based thereon. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

Accordingly, it is the recommendation of the undersigned that the defendants' motions for summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 21st day of February, 2007.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb